IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

JAN 2 3 2025

FILED

KATHY REAVES,                    *
                                 *
        Petitioner,              *
                                 *
        v.                       *       CV 123-148
                                 *
MICHAEL DANIEL HUCKO, et al.,    *
                                 *
        Respondents.             *
                                 *

─────────────

**O R D E R**

─────────────

Before the Court is Petitioner's May 29, 2024, motion to vacate this Court's Order adopting the Magistrate Judge's Report and Recommendation ("R&R") and dismissing the case (Doc. 34), as well as Petitioner's motion filed July 9, 2024, in which she again moves to vacate, moves to "remove federal employee [Magistrate Judge] Brian K. Epps," and moves "to strike the [R&R]" (Doc. 35). For the following reasons, Petitioner's motions to vacate are **DENIED,** Petitioner's motion to remove Magistrate Judge Epps is **DENIED,** and Petitioner's motion to strike is **DENIED.**

## I. BACKGROUND

The factual and procedural history underlying this case is described in the R&R issued February 28, 2024, and expanded upon herein. (Doc. 29, at 1-5.) Petitioner, a former teacher at the Academy of Richmond County High School, brought this action against

the named Defendants asserting claims for conspiracy, tort, and violations of the Fair Credit Reporting Act, due process, and the Sixth Amendment. (Doc. 8, at 27-66.) On February 28, 2024, Magistrate Judge Epps issued an R&R recommending dismissal of all the claims. (Doc. 29, at 7-15.) Petitioner filed an objection to the R&R in which she expressly concurred with Magistrate Judge Epps's legal findings. (Doc. 31-1, at 6-8.) After considering Petitioner's objections, this Court adopted the R&R and dismissed Petitioner's case for failure to state a claim on April 1, 2024. (Doc. 32.)

Petitioner filed a motion titled "Plaintiff Rule 60 Motion to Vacate," on May 29, 2024 (Doc. 34) and a motion titled "Rule 60 Motion to Vacate [R&R] 28 USC Section 144 Motion to Remove Brian K Epps Motion to Strike [R&R] for Violation of 1974 Ga Laws 2410 Section 2" on July 9, 2024 (Doc. 35). The Court construes Petitioner's motions to vacate and motion to strike the R&R as motions for reconsideration of its April 1, 2024 Order adopting the R&R, and construes the motion to remove as a motion for recusal of Magistrate Judge Epps. In her motions for reconsideration, Petitioner argues Magistrate Judge Epps erred in finding Defendant Blackwell was entitled to judicial immunity with regards to the issuance of what Petitioner contends is an invalid warrant. (See generally Doc. 34; Doc. 35.) Petitioner argues that because of this error, "[the R&R] is so inaccurate that it should be stricken

2

from the record and reissued by another Magistrate Judge who is not biased." (Doc. 35, at 2.)

## II. LEGAL STANDARD

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59(e) or 60. Brown v. Synovus Fin. Corp., 783 Fed. App'x 923, 931 (11th Cir. 2019) (citation omitted). When considering motions brought under either rule, the nomenclature and style are not controlling. Finch v. City of Vernon, 845 F.2d 256, 258 (11th Cir. 1988); Livernois v. Medical Disposables, Inc., 837 F.2d 1018, 1020 (11th Cir. 1988). Generally, "Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute," while "Rule 60 applies to motions for reconsideration of matters collateral to the merits." Brown, 783 Fed. App'x at 931 (citation omitted). However, there are additional distinctions between the two rules. Namely, motions brought under 59(e) must be filed within twenty-eight days of the relevant order, and this window cannot be extended. FED. R. CIV. P. 59(e); Banister v. Davis, 590 U.S. 504, 507 (2020). When a request to reconsider under Rule 59(e) is untimely, it will automatically be converted into a Rule 60(b) motion. Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003). Here, Petitioner's arguments dispute the merits of the R&R; however, the motions were filed well past the twenty-eight

day window required under Rule 59(e).  Therefore, the Court will consider the motions under the stricter Rule 60(b).

Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Child. & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (internal quotation marks omitted) (citing FED. R. CIV. P. 60(b)(1)-(6)).  To prevail under the "catch-all" provision of Rule 60(b)(6), the moving party "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (citations and internal quotation marks omitted).  A party seeking reversal under Rule 60(b) "must demonstrate a justification so compelling that the [district] court [is] required to vacate its order." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (first alteration in original) (citation omitted).

## III. DISCUSSION

Petitioner does not specify which provision of Rule 60(b) she believes compels relief.  Nonetheless, because the motion turns on a purported "egregious err [sic]" by Magistrate Judge Epps, the

4

Court construes the motion to be brought under Rule 60(b)(1). (Doc. 35, at 4; see also Doc. 34.); see Kemp v. United States, 596 U.S. 528, 530 (2022) ("[A] judge's errors of law are indeed 'mistakes' under Rule 60(b)(1)"). Both of Petitioner's motions were filed within a year of this Court's Order granting the R&R (Doc. 32) and are therefore timely. FED. R. CIV. P. 60(c)(1).

Petitioner argues Magistrate Judge Epps erred in finding Defendant Blackwell was acting "within the legitimate scope of judicial authority" when he entered the relevant warrant because Petitioner was a teacher at the time of the arrest and thus O.C.G.A. § 17-4-40 governed. (Doc. 29, at 12-13; Doc. 34, at 2-3.) Under this statute, "[a]ny warrant for the arrest of a . . . teacher . . . for any offense alleged to have been committed *while in the performance of his or her duties* may be issued only by a judge of a superior court, a judge of a state court, or a judge of a probate court." O.C.G.A. § 17-4-40(c) (emphasis added). However, Petitioner's argument has no merit as there is no indication that Petitioner's underlying conduct took place while she was performing her duties as a teacher. Hesed-El v. McCord, No. CV 117-146, 2019 WL 5092476, at *2 n.2 (S.D. Ga. Oct. 10, 2019). The alleged conduct giving rise to the warrant deals with Petitioner using her daughter's name and social security number to obtain services from Georgia Power. (Doc. 8, at 75.) Thus, "any contention that the offense could have been committed while in the

performance of [Petitioner's] duties as an educator is farfetched." Hesed-El, 2019 WL 5092476, at *2 n.2. Therefore, the Court does not find an error of law justifying relief under Rule 60(b)(1) from this Court's April 1, 2024 Order dismissing this case.

Out of an abundance of caution, and because Petitioner does not specify the provisions under which her motions for reconsideration are based, the Court briefly analyzes them under the catch-all provision of Rule 60(b)(6) as an alternative ground for relief. Rule 60(b)(6) permits the district court to set aside a judgment for "any other reason that justifies relief." Relief under this subsection is reserved for "cases that do not fall into any of the other" subsections of Rule 60(b). United States v. Route 1, Box 111, Firetower Rd., 920 F.2d 788, 791 (11th Cir. 1991). The Eleventh Circuit instructs that "a Rule 60(b)(6) movant must persuade the court that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (citation and internal quotation marks omitted).

Even when considered under Rule 60(b)(6), Petitioner's motion fails to establish the requisite extraordinary circumstances. Beyond the alleged error of law addressed above, Petitioner's

motions largely repeat the arguments already raised in Petitioner's amended complaint. Namely, Petitioner contends Defendants Blackwell, Hucko, and Kyler did not have "jurisdiction and authority" to issue a warrant. (<u>Compare</u> Doc. 34 <u>and</u> Doc. 35 <u>with</u> Doc. 8, at 53.) These arguments, which have been considered and addressed by this Court both in its April 1, 2024 Order and herein, do not amount to "extraordinary circumstances" warranting relief from this Court's prior judgment. For these reasons, Petitioner's motions for reconsideration are **DENIED**. Because this case remains closed, Petitioner's motion for recusal of Magistrate Judge Epps is **DENIED AS MOOT**.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's motions for reconsideration (Doc. 34; Doc. 35) are **DENIED** and Petitioner's motion for recusal of Magistrate Judge Epps is **DENIED AS MOOT**. This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of January, 2025.

> HONORABLE J. RANDAL HALL
> UNITED STATES DISTRICT JUDGE
> SOUTHERN DISTRICT OF GEORGIA